**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KENNETH STOVALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | Civil Action No. 4:26-cv-0588-P |
| | § | |
| **322ND DISTIRCT COURT OF TARRANT** | § | |
| **COUNTY, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 11, 2026, *pro se* Plaintiff Kenneth Stovall filed a civil complaint and application to proceed *in forma pauperis* (IFP), which were referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 3, 4, 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Kenneth Stovall is the plaintiff. He names the 322nd District Court of Tarrant County, Brandy Michelle Austin, Jeffrey Kaitcer, Judge Mumford, and Niesha Wilhite as defendants. Stovall complains about alleged unconstitutional conduct that occurred in a state-court action affecting his parental rights.

C.      LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. A litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees to bring a federal civil action. *See id.* at § 1915(a)(1). Whether to permit or deny an applicant IFP status is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, if a district court finds at any time that "the allegation of poverty is untrue," the IFP statute provides that it must dismiss the case. *See Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (quoting § 1915(e)(2)(A)); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

On May 14, the Court granted Plaintiff's IFP application. *See* ECF No 8. But the Court explicitly warned Plaintiff that it would dismiss this case under Section 1915(e)(2), if, at any time, it determined that his allegations of poverty were untrue. *Id.*

Plaintiff subsequently filed two additional complaints and accompanying IFP applications, all of which were transferred here from the Dallas Division and referred to the undersigned for judicial screening. *See Stovall v. Austin*, No. 4:26-CV-00596-P (N.D. Tex. May 14, 2026); *Stovall v. Texas Att'y Gen.*, No. 4:26-CV-00614-P (N.D. Tex. May 19, 2026). The complaints appear to concern the same and related matters concerning Plaintiff's parental rights.

On June 4, after considering the sworn financial information provided by Plaintiff in his recent amended IFP applications filed in Case Nos. 4:26-CV-00596-P and 4:26-CV-00614-P, the Court determined that Plaintiff has the financial resources to pay the $405 filing and administrative fees for both actions and ordered him to do so by June 17. *See* ECF No. 11, No. 4:26-CV-00596;

ECF No. 10, No. 4:26-CV-00614. Having done so, the Court takes judicial notice of the fact that the sworn information Plaintiff provided in his IFP application filed in this case, which is dated May 11, is inconsistent with the information he provided in his amended IFP applications filed 16 days later in Case Nos. 4:26-CV-00596 and 4:26-CV-00614. In particular, in this case, Plaintiff does not report any income sources whatsoever. *See* ECF No. 4. But in his other two cases, Plaintiff states that, for the past 12 months, he has received a gross monthly income of $3,120 from public assistance and another unidentified source. *See* ECF No. 10, No. 4:26-CV-00596; ECF No. 9, No. 4:26-CV-00614.

Under these circumstances, the Court concludes that Plaintiff made false statements in this case regarding his assets and ability to pay the fees for this action. The Court therefore concludes that Plaintiff's allegations of poverty are untrue and, in turn, that this case is subject to dismissal under Section 1915(e)(2)(A). Additionally, the Court **VACATES** its May 14 order granting Plaintiff's IFP application. *See* ECF No. 8.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice for making false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2)(A); *see also Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987) (discussing circumstances under which dismissal with prejudice is appropriate).

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

It is so **ORDERED** on June 5, 2026.

                                        _____

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE